IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-02238-CNS

BRENDA VIRUEL ARIAS,

    Petitioner,

v.

JOHNNY CHOATE, in his official capacity as warden of the Aurora Contract Detention Facility owned and operated by GEO Group, Inc.,
JOHN FABBRICATORE, in his official capacity as Field Office Director, Denver, U.S. Immigration & Customs Enforcement,
ALEJANDRO MAYORKAS, in his official capacity as Secretary, U.S. Department of Homeland Security,
TAE D. JOHNSON, in his official capacity as Acting Director of Immigration & Customs Enforcement (ICE), and
MERRICK GARLAND, in his official capacity as Attorney General, U.S. Department of Justice,

    Respondents.

---

ORDER

---

Before the Court are Petitioner Brenda Viruel Arias' Verified Petition For Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241 (the "Petition") and Motion For A Temporary Restraining Order (the "Motion") (ECF Nos. 1 and 4). For the following reasons, Ms. Viruel Arias' Petition is GRANTED in part and DENIED in part, and the Motion is DENIED as moot.

**I.**    **Background**

This civil action arises from Respondents' detention of Ms. Viruel Arias pending adjudication of her immigration removal proceedings. Ms. Viruel Arias was born in Mexico and

has lived in the United States since she was approximately two years old (ECF No. 1-2 at 32). Ms. Viruel Arias endured a traumatic childhood (*See, e.g.*, *id.* at 14). She suffers several mental and physical illnesses (*See, e.g.*, *id.* at 7).

In 2017, she was arrested in California on sexual assault charges (ECF No. 14-1 at 3). Ms. Viruel Arias entered a plea of no contest to both charges (*Id.*) In May 2018, she was sentenced to 179 days in jail and 5 years of supervised probation (*Id.*). Ms. Viruel Arias was served with a Notice to Appear in June 2021 (*Id.* at 3-4). In the Notice to Appear, the Department of Homeland Security informed Ms. Viruel Arias that she was removable based on her criminal convictions (*Id.*). She was then detained, pending a final decision in her immigration case (*Id.*). Ms. Viruel Arias was transported from California to the Aurora Contract Detention Facility (the "Detention Facility") later that month.

Through July and September 2021, Ms. Viruel Arias appeared before an Immigration Judge ("IJ") several times to schedule master and competency hearings, and secure a qualified representative (*Id.* at 4-5). At a hearing in October 2021, the IJ sustained the removal charges against Ms. Viruel Arias and scheduled a hearing for Ms. Viruel Arias to file an application for relief from removal (*Id.* at 5). The IJ eventually held a hearing on Ms. Viruel Arias' application for relief from removal in December 2021, and then issued a written decision denying Ms. Viruel Arias relief from removal in January 2022 (*Id.* at 6). Ms. Viruel Arias appealed the decision, and the Board of Immigration Appeals ("BIA") remanded the case to the IJ for reconsideration in June 2022 (*Id.* at 7). The IJ held a custody redetermination hearing on August 22, 2022, concluding Ms. Viruel Arias was subject to mandatory detention (*Id.*; ECF No. 1-1 at 39-40). The IJ held a second merits hearing regarding Ms. Viruel Arias' removal on September 22, 2022 (*See* ECF No. 15 at

4). She remains in the custody of Immigration and Customs Enforcement and has been detained at the Detention Facility for over 457 days (*See, e.g.*, ECF No. 14-1 at 8).

Ms. Viruel Arias filed the instant Petition and Motion on August 30, 2022 (ECF Nos. 1 and 4). The Court ordered Respondents to respond to Ms. Viruel Arias' Petition and Motion, and for Ms. Viruel Arias to file a Reply (ECF No. 11). The parties timely filed their briefs (ECF Nos. 14 and 15).

## II.     Legal Standard

The Court has jurisdiction under 28 U.S.C. § 2241 to consider Ms. Viruel Arias' constitutional claim. *See Demore v. Kim*, 538 U.S. at 510, 517 (2003).

Detention of non-citizens within the United States is generally governed by 8 U.S.C. § 1226 and 8 U.S.C. § 1231. The Attorney General may arrest and detain a non-citizen pending adjudication of their removal proceedings under § 1226. Detention is mandatory for certain non-citizens, including those who are "deportable by reason of having committed any offense" listed in another immigration statute. 8 U.S.C. § 1226(c)(1)(B); 8 U.S.C. § 1227(a)(2). *See also Demore*, 538 U.S. at 528 (concluding mandatory detention under § 1226 is constitutional).

Mandatory detention is not indefinite detention. *See id.* at 527-28 ("[T]he statutory provision at issue governs detention of deportable criminal aliens *pending their removal proceedings*." (original emphasis)). A non-citizen's unreasonably long or unjustified detention under § 1226(c) may be unconstitutional. *See id.* at 532-33 (Kennedy, J., concurring). To determine whether a non-citizen's detention has been unconstitutionally prolonged, courts consider the following factors:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the

3

      detainee; (5) delays in the removal proceedings caused by the government; and (6)
      the likelihood that the removal proceedings will result in a final order of removal.

*Singh v. Choate*, No. 19-CV-00909-KLM, 2019 WL 3943960, at *5 (D. Colo. Aug. 21, 2019) (citing *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858–59 (D. Minn. 2019)). Where they have been detained under § 1226(c) for an unconstitutional length of time, a non-citizen is entitled to an individualized bond hearing. *See, e.g.*, *Villaescusa-Rios v. Choate*, No. 20-CV-03187-CMA, 2021 WL 269766, at *3 (D. Colo. Jan. 27, 2021).

### III.  Analysis

Having reviewed the Motion, Petition, related briefing, and relevant legal authority, the Court considers the arguments in Ms. Viruel Arias' Petition in turn, granting the Petition in part and denying the Petition in part.

#### A.  Ms. Viruel Arias' Detention & Due Process

Ms. Viruel Arias argues the length of her detention constitutes a due process violation (*See* ECF. No. 1 at 19). Respondents contend Ms. Viruel Arias cannot establish a due process violation because her detention has not become unconstitutionally prolonged, and that no additional process is necessary because she had a custody redetermination hearing eight days before filing her Petition (*See* ECF No. 14 at 5, 7). The Court agrees with Ms. Viruel Arias.

##### 1.  Constitutionality of Ms. Viruel Arias' Detention

The Court considers the six *Singh* factors in determining whether the length of Ms. Viruel Arias' mandatory detention has violated her right to due process. First, the parties agree that Ms. Viruel Arias has been detained for over fourteen months (ECF Nos. 1 at 28, 14 at 7). As such, the first *Singh* factor weighs in Ms. Viruel Arias' favor. *See, e.g.*, *Villaescusa-Rios*, 2021 WL 269766, at *3 (collecting cases). Second, the Court considers the likely duration of future detention. Ms.

4

Viruel Arias states that if the IJ rules against her she will appeal her case (ECF No. 1 at 28-29). Where either party may appeal an immigration court's decision this factor weighs in favor of the petitioner. *See Villaescusa-Rios*, 2021 WL 269766, at *3. Therefore, this factor favors Ms. Viruel Arias.

Third, the Court considers the conditions of Ms. Viruel Arias' detention. She argues the conditions of her detention are poor and exacerbated by her health complications (ECF No. 1 at 29). Respondents acknowledge courts have found this factor favors petitioners, but contend Ms. Viruel Arias has received mental health services while in detention (ECF No. 14 at 8). This is insufficient, however, to explain how the conditions of Ms. Viruel Arias' confinement differ from the conditions of penal confinement. *See Singh v. Garland*, No. 21-CV-00715-CMA, 2021 WL 2290712, at *4 (D. Colo. June 4, 2021), *appeal dismissed* (Aug. 5, 2021) (concluding third *Singh* factor looks to whether conditions of immigration detention are "meaningfully different" from penal institutions and that the factor favored petitioner where respondents failed to explain how immigration detention "differ from penal confinement"). Therefore, the third *Singh* favor favors Ms. Viruel Arias.

Fourth, the Court looks to any delays in removal proceedings caused by Ms. Viruel Arias. She contends the factor favors her because she has not engaged in any "dilatory tactics" (ECF No. 1 at 31). Respondents contend the factor favors the government or is neutral because Ms. Viruel Arias has requested seven continuances in her removal proceedings (ECF No. 14 at 8). Although Ms. Viruel Arias extended the length of her removal proceedings, there is nothing to show she engaged in dilatory tactics—indeed, her appeal to the BIA resulted in a remand to the IJ. Therefore, this factor is neutral. *See Villaescusa-Rios*, 2021 WL 269766, at *4.

Fifth, the Court asks whether any delays in the removal proceedings were caused by the government. Ms. Viruel Arias contends Respondents have significantly delayed the adjudication of her removal proceedings (ECF No. 1 at 35). Respondents argue they have diligently litigated Ms. Viruel Arias' removal before the IJ, while acknowledging a "short delay" in completing her competency evaluation (ECF No. 14 at 8-9). After reviewing the record, the Court finds Respondents have not engaged in any conduct that caused a delay in the proceedings, and therefore this factor favors Respondents. *See Singh*, 2019 WL 3943960, at \*6.

Sixth, the Court considers the likelihood that removal proceedings will result in a final order of removal. Ms. Viruel Arias argues she is likely to prevail in her remanded merits proceeding before the IJ because, following the BIA's remand, the IJ must consider mitigating factors related to her health that it did not previously consider (ECF No. 1 at 32). Respondents contend this factor favors the government because removal proceedings will result in a final order of removal (ECF No. 14 at 9). The Court finds this factor slightly favors Ms. Viruel Arias, only because she received a favorable ruling from the BIA on appeal that required the IJ to consider new evidence related to her health and trauma in the remanded removal proceedings.

In sum, three *Singh* factors clearly favor Ms. Viruel Arias, one is neutral, one favors Respondents, and the sixth favor slightly favors Ms. Viruel Arias. On balance, the *Singh* factors weigh in Ms. Viruel Arias' favor, and her continued detention requires an individualized bond hearing before an IJ to "comport with due process." *See Singh*, 2021 WL 2290712, at \*5; *see also Villaescusa-Rios v. Choate*, 2021 WL 269766, at \*5 (concluding petitioner required individualized bond hearing as a matter of due process where *Singh* favors weighed in his favor).

### 2. Ms. Viruel Arias' August 2022 Hearing

Next, the Court considers whether—despite the *Singh* factors weighing in her favor—Ms. Viruel Arias' recent custody redetermination hearing has afforded her adequate due process. The record indicates Ms. Viruel Arias appeared before the IJ for a "custody redetermination" hearing on August 22, 2022 (ECF No. 1-1 at 39). According to Respondents, at this hearing the IJ considered evidence in reaching the determination that Ms. Viruel Arias was not eligible for release, and that "alternatively" she posed a danger to the community and a flight risk (ECF No. 14 at 6-7). By considering evidence at the hearing, Respondents argue that Ms. Viruel Arias was afforded constitutionally adequate process (*See id.*) Ms. Viruel Arias contends that this hearing only concerned whether she was properly charged for removal under a basis listed in § 1226(c)—not whether the length of her ongoing detention is unconstitutional (ECF No. 15 at 6-7).

The Court has only two pieces of evidence in the record for assessing what occurred—or did not occur—at Ms. Viruel Arias' August 22, 2022 hearing: the IJ's two-page order and a declaration from Ms. Viruel Arias' qualified representative (ECF Nos. 1-1 at 39-40, 15-1). This is insufficient evidence from which the Court can draw the conclusion that Ms. Viruel Arias was afforded constitutionally adequate process at the August 22, 2022 custody redetermination hearing. As such, contrary to Respondents' argument, the fact that Ms. Viruel Arias appeared before the IJ for custody redetermination does not mean "no additional process is necessary" (ECF No. 14 at 7). What evidence exists in the record indicates the hearing was brief—the qualified representative declared the hearing "took a few minutes" (ECF No. 15-1 at 5). And there is nothing to show the IJ considered, for instance, Ms. Viruel Arias' severe health problems. "Put another way, the value

added by another hearing is great." *Rajnish v. Jennings*, No. 3:20-CV-07819-WHO, 2020 WL 7626414, at *9 (N.D. Cal. Dec. 22, 2020).

### 3. Burden of Proof at Bond Hearing

Finally, Respondents argue that at Ms. Viruel Arias' bond hearing the burden of proof must be placed on her, rather than the government, to show by clear and convincing evidence she is not a safety threat or flight risk (ECF No. 14 at 9). The Court disagrees. To be sure, courts are split on how this burden should be allocated in bond hearings for non-citizens detained under § 1226. *See Miranda v. Garland*, 34 F.4th 338, 362–63 (4th Cir. 2022) (concluding the non-citizen bears burden of proof); *Basri v. Barr*, 469 F. Supp. 3d 1063, 1073–74 (D. Colo. 2020) (same); *but see Ixchop Perez v. McAleenan*, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020) (collecting cases finding government bears burden of proof); *Velasco Lopez v. Decker*, 978 F.3d 842, 855 (2d Cir. 2020) (placing burden on government). The Court finds the weight of authority allocating the burden of proof to the government persuasive. *See, e.g.*, *Ixchop Perez*, 435 F. Supp. 3d at 1062. "Placing this burden on the noncitizen violates the Constitution." *Rajnish*, 2020 WL 7626414, at *5. Requiring the government to show by clear and convincing evidence that Ms. Viruel Arias is not a flight risk "provides the appropriate level of procedural protection" to which she is constitutionally entitled. *Singh v. Holder*, 638 F.3d 1196, 1204 (9th Cir. 2011) (citation omitted); *see also Singh*, 2019 WL 3943960, at *7 (imposing burden on government at bond hearing for petitioner detained under § 1226(c)).

\* \* \*

For the reasons set forth above, Ms. Viruel Arias is entitled to an individualized bond hearing. At this bond hearing, the government shall bear the burden of proof to show by clear and

convincing evidence that she is a flight risk or danger to the community. Because Ms. Viruel Arias seeks the same relief under the APA (*see* ECF Nos. 1 at 33, 15 at 16), and the Court concludes Ms. Viruel Arias is entitled to an individualized bond hearing as a matter of due process, it need not address her arguments under the APA.

### B. The Rehabilitation Act Claim

Ms. Viruel Arias argues that the Rehabilitation Act requires her release from detention for medical treatment as a reasonable accommodation to ensure "meaningful access" to her immigration proceedings (ECF No. 1 at 39). Respondents contend that Ms. Viruel Arias' Rehabilitation Act claim fails for several reasons: it is a civil claim that cannot be pursued in a habeas petition; claims of inadequate medical treatment are not cognizable under the Act; Ms. Viruel Arias has not been denied a benefit under the Act; and release from detention is not a reasonable accommodation under the Act (ECF No. 14 at 17). The Court agrees with Respondents that Ms. Viruel Arias cannot assert her Rehabilitation Act claim in the Petition.

The purpose of § 2241 habeas proceedings is to allow a person in custody "to attack the legality of that custody" and "secure release from illegal custody." *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotations omitted). Ms. Viruel Arias contends her habeas action does not preclude assertion of her Rehabilitation Act claim because, unlike other cases that have distinguished habeas actions from certain civil actions, she is not challenging the conditions of her confinement—instead, she is an immigration detainee seeking release from the Detention Center as a reasonable accommodation due to her health complications (ECF No. 15 at 17-18). Assuming Ms. Viruel Arias' Rehabilitation Act claim does not concern the conditions of her confinement, the claim would still not be viable here. The Tenth Circuit has distinguished § 2241

9

habeas petitions from other federal claims. *See, e.g.*, *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000). Because Ms. Viruel Arias' medical conditions and treatment did not impact the *duration* of her detention, *see Buhl v. Berkebile*, 612 F. App'x 539, 540-41 (10th Cir. 2015), the Court cannot consider the Rehabilitation Act claim in her Petition. She is free, however, to file a separate civil action asserting her Rehabilitation Act claim and any other discrimination claims against Respondents. *See Gorrell v. Hastings*, 541 F. App'x 943, 945 (11th Cir. 2013) (concluding Rehabilitation Act claim was improperly asserted in § 2241 petition but stating the petitioner was "free to assert [discrimination] claims in a separate action").

Because Ms. Viruel Arias cannot assert her Rehabilitation Act claim in the Petition, the Court need not address Respondents' remaining arguments regarding her Rehabilitation Act claim.

### C.  Ms. Viruel Arias' Remaining Requests for Relief

In addition to her request for an individualized bond hearing and release as a reasonable accommodation, Ms. Viruel Arias requests the Court grant the following relief:

1. Assume jurisdiction over this matter;

2. Enjoin Respondents from transferring her outside the jurisdiction of the District of Colorado pending the resolution of this case;

3. Issue a writ of habeas corpus directing Respondents to release Ms. Viruel Arias on her own recognizance as an alternative to an individualized bond hearing;

4. Award her attorney's fees and costs under the Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under law;

5. And grant any other relief the Court deems just and proper

(ECF No. 1 at 51-52). For the reasons set forth above, the Court grants Ms. Viruel Arias' first request. Regarding Ms. Viruel Arias' second request, the Court denies it as moot, given the entry

of this Order. The Court denies Ms. Viruel Arias' third request. *See Villaescusa-Rios*, 2021 WL 269766, at *5 (denying immediate release from detention pursuant to 8 U.S.C. § 1226(e)). As for Ms. Viruel Arias' fourth request, Ms. Viruel Arias must file a separate motion, *see* D.C.COLO.LCivR 7.1(d), for attorney fees supported by affidavit, *see* D.C.COLO.LCivR 54.3(a). As such, she may file a motion for attorney's fees that complies with the Local Rules.

## IV.     Conclusion

Consistent with the above analysis, Ms. Viruel Arias' Petition (ECF No. 1) is GRANTED in part and DENIED in part. The Motion For A Temporary Restraining Order (ECF No. 4) is DENIED as moot.

On or before October 5, 2022, Respondents shall take Ms. Viruel Arias before an impartial immigration judge for a constitutionally adequate, individualized bond hearing in which the government shall bear the burden to demonstrate by clear and convincing evidence that Ms. Viruel Arias is a flight risk or a danger to the community and continued detention is justified. At the bond hearing, the immigration judge is required to: meaningfully consider alternatives to imprisonment such as community-based alternatives to detention including release, parole, as well as Ms. Viruel Arias' ability to pay a bond; not place undue weight to allegations underlying dismissed or pending criminal charges; not place undue weight on unauthenticated or antiquated documents regarding alleged criminal legal contacts; and must consider Ms. Viruel Arias' mental health diagnoses when considering any criminal legal contacts.

Given that a merits hearing was also held in Ms. Viruel Arias' removal proceedings on September 22, 2022, the parties shall file a joint status update by September 30, 2022, regarding the status of Ms. Viruel Arias' removal proceedings.

DATED this day of September 23, 2022.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge